IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00263-ZLW

DAVID F. HAULMAN,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO KEN SALAZAR,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 0 2006

GREGORY C. LANGHAM
              CLERK

## ORDER DENYING MOTION FOR RECONSIDERATION

Applicant David F. Haulman filed *pro se* on July 3, 2006, a motion seeking reconsideration of the order and judgment of dismissal filed on May 25, 2006, in the instant action. The Court must construe the motion liberally because Mr. Haulman is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion for reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). *See id.* A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b).

*See id.* at 1243. Mr. Haulman's motion, which was filed more than ten days after the Court's order and judgment of dismissal entered on May 24, 2006, and filed on May 25, 2006, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Haulman failed within the time allowed to submit on the proper form a Prisoner's Motion and Affidavit for leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. The basis for the dismissal is explained in detail in the dismissal order filed on May 25, 2006.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Haulman fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion for reconsideration will be denied. Accordingly, it is

ORDERED that the motion for reconsideration submitted *pro se* by Applicant David F. Haulman seeking reconsideration of the order and judgment of dismissal filed on May 25, 2006, and which the Court has construed liberally as a motion pursuant to

Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this 19 day of July, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00263-BNB

David Frederick Haulman
242 E. Park Drive
Kellogg, ID 83837

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/20/06

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk